UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND HAWKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:19-cv-04689-JMS-DLP |
| | ) |
| SEVIER Mr., | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Raymond Hawkins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 19-07-0152. For the reasons explained in this Entry, Mr. Hawkins' habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On July 26, 2019, case manager D. McDaniel wrote a conduct report in case NCF 19-07-0152 charging Mr. Hawkins with offense B-252, interfering with staff. The conduct report states:

> I D. McDaniel on 7-26-2019 at approx. 1108 Noticed offender Hawkins, Raymond #885871 from E3-219. Slow walking when I stopped him and ask where he was from he told me "E2-218" I ask where he was going he said "Ms Wagley's class got cancelled" I'm going back to my house". This caused me to be pulled from my job duties and took time away from my job duties to gather the correct information to complete this Report. He lied about where he was going because he had no reason to be on the walk and he lied about his housing location which is E3-219. End of Report. He was notified he would be receiving conduct. End of Report.

Dkt. 7-1 (errors in original).

On July 29, 2019, Mr. Hawkins was notified of the charge of interfering with staff and was served with a copy of the conduct report and the notice of disciplinary hearing screening report. Dkt. 7-2. Mr. Hawkins pleaded not guilty. *Id.* Mr. Hawkins did not request any witnesses or additional evidence. *Id.* He waived 24-hour notice of the disciplinary hearing. *Id.*

Disciplinary Hearing Officer (DHO) T. Thompson held a hearing on August 5, 2019. Dkt. 7-4. According to the hearing report, Mr. Hawkins pleaded not guilty but said, "I am guilty of being out of place." *Id.* The DHO found Mr. Hawkins guilty of offense B-252 based on the conduct report and Mr. Hawkins' statement. *Id.* Mr. Hawkins received the following sanctions: a 30-day loss of commissary and phone privileges and a 30-day loss of good-time credit. *Id.*

Mr. Hawkins' appeals to the Warden and to the Appeal Review Officer for the Indiana Department of Correction were denied. Dkt. 7-5; dkt. 7-6. This habeas action followed.

**C.     Analysis**

Mr. Hawkins alleges that his due process rights were violated in the disciplinary proceeding. His claims are that he was: (1) denied the right to adequate 24 hour notice prior to appearing on a given charge; (2) denied the right to present documentary evidence; and (3) denied

2

the right to a fair hearing before an impartial decision maker. Dkt. 1 at 7–9.

Even though he had waived 24-hour notice, Mr. Hawkins was given notice of the charge more than 24 hours before the hearing was conducted. He argues, though, that the conduct report failed to inform him of what specific duties the reporting case manager had to stop performing to determine whether Mr. Hawkins was in the proper place.

A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)); *see also Brenneman v. Knight,* 297 F. App'x 534, 537, 2008 WL 4748516 (7th Cir. 2008) (same). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

Here, the conduct report sufficiently described the facts that formed the basis of the charge. The conduct report stated that on July 26, 2019, at approximately 11:08 a.m., Mr. Hawkins was walking around the prison in an area where he should not have been, which diverted the case manager from his regular duties. Dkt. 7-1. The conduct report also informed Mr. Hawkins of the rule he had violated, interfering with staff, B-252. *Id.* Offense B-252 is defined simply as "[i]nterfering with a staff member in the performance of his/her duties." Dkt. 7-7 at 9.

Mr. Hawkins admitted to "being out of place." Dkt. 7-4. By being out of place, he caused the case manager to have to stop what he was doing and investigate Mr. Hawkins' proper whereabouts. Dkt. 7-1. There is "some evidence," the case manager's statement, that supports the charge that Mr. Hawkins interfered with his job duties. The summary of facts does not have to include every possible detail about the events reported or what specific job duties the case manager

3

would have otherwise been performing. The conduct report satisfied the requirements of due process. *Northern,* 326 F.3d at 910. This claim fails.

Next. Mr. Hawkins argues that he was prevented from presenting evidence, another conduct report for the same conduct on a different day. In the other case, Mr. Hawkins was allegedly allowed to plead guilty to being out of place and found guilty of the lesser charge, C-366. The class C offense 366 "unauthorized area" is defined, in part, as "[e]ntering or remaining in a room or area other than the room or area to which the offender is assigned." Dkt. 7-7 at 12. Attached to Mr. Hawkins' petition is a copy of a conduct report dated May 29, 2019, No. NCF 19-05-0133, also charging him with interfering with staff. Dkt. 1-1 at 8. The disciplinary hearing report associated with that charge, dated June 3, 2019, indicated that the B-252 charge was crossed out and replaced with "366." *Id.* at 9.

There is no record of any attempt by Mr. Hawkins to request evidence. Neither the screening report nor the hearing report reflect such a request. Mr. Hawkins alleges that he "made an attempt to present documentary evidence" and that the "evidence was not accepted by the CAB chairman." Dkt. 1 at 8-9.

Even if Mr. Hawkins asked to present evidence at the hearing, an inmate's right to present evidence is not unlimited in a disciplinary setting. "Prison authorities are not compelled to accept requests [to present evidence] that threaten institutional goals or are irrelevant, repetitive, or unnecessary." *Donelson v. Pfister,* 811 F.3d 911, 918 (7th Cir. 2016) (internal quotation omitted). A decision by a different hearing officer to reduce a charge against Mr. Hawkins in an unrelated matter that occurred two months earlier would have been irrelevant because it would not have necessarily compelled the hearing officer to do the same thing in this case. In addition, the evidence would not have been exculpatory. Any alleged error would have therefore been harmless because

Mr. Hawkins cannot and has not shown any prejudice in the alleged refusal to consider the other disciplinary decision. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). This claim fails.

Mr. Hawkins' final claim is that he was denied a fair hearing before an impartial decision-maker. He argues that the hearing officer already had the written and signed disposition of the conduct report in front of him while he conducted the hearing. Dkt. 1 at 9. The respondent argues that Mr. Hawkins did not raise this claim on appeal, and it is therefore defaulted. The Court agrees.

"Where a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted, but such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin v. Zatecky,* 749 F. App'x 463, 464 (7th Cir. 2019). Although in his appeal Mr. Hawkins alleged that he did not receive a fair hearing before an impartial decision-maker, he did so in summary fashion after discussing his claims about the denial of proper notice and the denial of evidence. He did not assert any concerns about when the hearing officer signed the report of his decision. Dkt. 7-5 at 4. Mr. Hawkins did not file a reply and has not argued cause and prejudice, or that the failure to consider his claim would constitute a miscarriage of justice. Therefore, the impartial decision-maker claim is denied as procedurally defaulted.

Even if the Court were to consider this claim on the merits, it would fail. Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity," *id.* at 666, and Mr. Hawkins has presented no evidence to overcome this presumption. "[T]he constitutional standard for impermissible bias is high." *Id.* Mr. Hawkins does not assert, and there is no evidence, that the DHO was involved in

5

the underlying events involved in this case. Moreover, an adverse ruling by a hearing officer is not enough to establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Mr. Hawkins was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Hawkins' due process rights.

### D. Conclusion

For the above reasons, Mr. Hawkins is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/21/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND HAWKINS
885871
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov